## Case No. 3,857.

### DEXTER et al. v. ARNOLD et al.

[1 Sumn. 109.] [1]

Circuit Court, D. Rhode Island. June Term, 1831.

REDEMPTION OF MORTGAGES—LAPSE OF TIME—ACKNOWLEDGMENT—BILL TO REDEEM — PARTIES — PERSONAL REPRESENTATIVES AND BENEFICIARIES OF TRUST.

1. The circumstances under which a mortgage is redeemable.

2. Twenty years' undisturbed possession, without any admission of holding under the mortgage, or treating it as a mortgage during that period, is a bar to a bill to redeem. But if within that period, there be any account or solemn acknowledgment of the mortgage, as subsisting, it is otherwise. See Dexter v. Arnold [Case No. 3,859].

[Cited in Slicer v. Bank of Pittsburg, 16 How. (57 U. S.) 579.]

3. An acknowledgment by the mortgagee in his answer to a bill in equity between other parties, that it remains a mortgage, is a sufficient acknowledgment to allow a redemption.

4. To a bill to redeem, the heirs of the mortgagee, as well as his personal representative, are ordinarily necessary parties.

5. Quaere, in what cases they may be dispensed with.

6. If the mortgagee has never taken possession during his lifetime, the mortgage belongs in Rhode Island to his personal representative, and the heirs need not be made parties to a bill to redeem.

7. Cestuis que trust under mortgagor cannot ordinarily redeem. The trustees must be made parties, and a reason shown, why they are not plaintiffs.

8. If a mortgage be of different parcels of land, some of which have been sold by the mortgagee absolutely, and others remain in his possession; and the right to redeem, as to the purchasers, is gone by lapse of time, this does not bar the remedy against the mortgagor, if otherwise well founded.

9. Acknowledgments of the mortgagee after sale do not affect or bind the purchasers, who are such bona fide and without actual notice of the mortgage.

[1] [Reported by Charles Sumner, Esq.]

10. Quaere, if a bill in equity can be maintained to redeem, where part only of the heirs of the mortgagee are before the court.

This was a bill in equity, brought by the plaintiffs [Edward Dexter, Jr., and others] at the June term of this court in 1828, to redeem a mortgage given many years ago, and it sought an account and other relief, according to the common course in bills of this nature. The mortgage was made by one Jonathan Arnold, (who was then the owner in fee,) on the 13th of February, 1800, to one Thomas Arnold, in fee conditioned for the payment of sixteen hundred dollars and interest on or before the 20th day of January, 1801. The mortgage embraced one part of a lot, and the stores thereon, situate on the west side of the Main street in Providence; and of one third (in fact he was owner of but one sixth) part of three other lots, at Fox's Point in said Providence. Jonathan Arnold, the mortgagor, died in October, 1806, without issue, being at that time insolvent, and leaving several persons his heirs, and among others Marcy Dexter, under whom the defendants claim, in the manner which will be hereafter stated. Administration upon his estate was taken by Thomas Arnold, the mortgagee, who entered into possession of the premises immediately on, or soon after, the execution of the mortgage, and continued in possession thereof until he sold the Fox Point lots in December, 1810; and the grantees and those claiming under them have ever since been in possession under that sale. Of the remainder of the mortgaged premises, viz., the Main street lot, the mortgagee continued in possession until his death, in October, 1826. At his death he left, as his heirs, Thomas Arnold, who soon afterwards took administration upon his estate, and as such is made defendant in the cause, and James Arnold, (a citizen of Massachusetts,) who is not made a party to the bill, because the bill alleges him to be resident out of the jurisdiction of the court. Marcy Dexter died on the 4th of September, 1817, and by her last will and testament devised as follows: "All the remainder of my estate or property of every kind and nature, (which included her interest in the mortgaged premises,) I give to my sons, Stephen Dexter and Edward Dexter, in trust for the use, maintenance, and support of my daughter, Susannah Dexter, in a comfortable manner during her natural life; and if there shall be any of my property remaining after supporting my daughter, Susannah Dexter, as aforesaid, my will is, and I do hereby give and order the same to be paid, one half to the children of the said Stephen, and the other half to the children of the said Edward, that may be then living, by my trustees aforesaid, share and share alike." And in the same will the testatrix nominated the said Stephen and Edward her executors, who accepted the trust, and were qualified according to law. In September, 1820, Susannah Dexter died intestate and without is-

sue. The plaintiffs are the children of the trustees and are designated as the ultimate cestuis que trust under the will.

J. L. Tillinghast, for plaintiffs.

R. W. Greene, Dist. Atty., for defendants.

STORY, Circuit Justice. This case has been very elaborately argued at the bar; but the view, which is taken of it by the court, does not require all the points and arguments to be brought into the reasoning, on which the decision is founded.

It appears to us very clear, that the trustees under the will were invested with the legal estate, and consequently they are the proper parties to file a bill to redeem. See 1 Pow. Mortg., by Coventry, with Rand's Notes, 331, 332; Grant v. Duane. 9 Johns. 591. It does not appear from the bill, that the plaintiffs are really entitled to any thing under the will; for it is not alleged that any thing would or did remain after satisfying the prior trust in favor of Susannah Dexter. If it did, still the trustees being owners of the legal estate, are solely entitled to redeem, unless they have refused to redeem, or have colluded with the mortgagee, or some other impediment is shown to the redemption on their part. The bill ought to have contained specific allegations on this head, stating a case, which would establish a residuary interest in the plaintiffs, and a ground for their claim to redeem, instead of the trustees. No such allegations are found in the bill; and on this account it is in its present shape fatally defective. It is true, that the trustees are made parties to the bill, and have answered, and there is a general charge of confederacy against them. But this will not supply the defect of proper allegations to establish the plaintiffs' claim to redeem. The trustees must be called upon to answer, and must answer specifically to such matters, as will justify the court in acting without or adversely to them. This, however, is a defect, which the court are not precluded from allowing the plaintiffs to supply, in order to prevent a failure of justice, if the plaintiffs have any merits.

All the other heirs of Jonathan Arnold, the mortgagor, or their representatives, are before the court, as defendants to the bill, with the exception of one Benjamin Arnold, a citizen of New York, who is alleged to be out of the jurisdiction of the court. But there is no allegation in the bill, that he is unwilling or unable to assist in the redemption. Now, in general, it is certainly proper, that all the persons, who are heirs of the mortgagor, should be before the court before a redemption of the estate is decreed. And this for two reasons; first that their rights and interests may not be affected by any change of the title without their consent; and secondly, that they may be parties to the account, and the mortgagee or his heirs and representatives not be harassed by a new suit for a new account. We do not know, that, where an heir is beyond the jurisdiction of the court, the difficulty is absolutely insuperable. But if it is not, still the court is bound in its decree to take care of his interests, as far as it may, and to give him by notice an opportunity, if practicable, of coming in before the master, and litigating for his interests in the taking of the account and the decree of redemption.

Another difficulty has suggested itself to our minds: and that is, whether the court can proceed to a decree of redemption, without having all the heirs of the mortgagee, as well as his personal representatives, before the court. The bill itself shows, that James Arnold, one of the heirs of the mortgagee, is not before the court, and he is stated to be out of the jurisdiction. No one can doubt the propriety of having all the heirs of the mortgagee before the court, if they can be made parties. See 1 Pow. Mortg., by Coventry, with Rand's Notes, 968, 970; Coop. Eq. Pl. 37, note N. The only question is, whether they are not indispensable parties. In England, the heirs must be before the court, in order to reconvey the estate to the mortgagor; for it descends to them, though generally in trust for the personal representative of the mortgagee. There may be peculiar cases, in which, where one of the heirs is beyond the jurisdiction, or cannot by any diligence be found, the court will act without him. 1 Pow. Mortg., by Coventry, 403, note N. But in these cases the relief granted must be necessarily imperfect, as it cannot bind persons not before the court. In the case at bar, if there had no entry or possession by the mortgagee, in his lifetime, in the premises, there would not have been any substantial difficulty in proceeding against the personal representative of the mortgagee, who is before the court. The statute of Rhode Island has declared, that in all cases debts due by mortgage shall be considered as personal property, and distributed as such. And where the mortgagee has deceased without taking possession of the mortgaged estate, the debt is deemed personal assets, and the mortgage under the same control of the executor and administrator as if it had been a pledge of personal estate; and the executor and administrator may bring an ejectment to recover possession, in which action it is made sufficient to declare on the seisin of possession of the mortgage. And the executor and administrator are authorized to discharge the mortgage on payment, by release, quitclaim, or other legal conveyance. St. R. I. Dig. 1798, p. 303; Dig. 1822, pp. 233, 234. So that, in such cases, the presence of the heir seems wholly unnecessary, and may therefore be dispensed with. But the difficulty in the case at bar is, that the mortgagee had taken possession during his lifetime, (in what manner we shall hereafter consider,) and continued that possession for about twenty-six years. And the question, therefore, whether

it is to be treated as a subsisting mortgage, or as an absolute-estate, is most material to all the heirs of the mortgagee, and upon which they are entitled to be heard. The difference between the case of a possession, and of a want of possession by the mortgagee, has been treated by the supreme court of Massachusetts, under a local statute, very similar to that of Rhode Island, as most material; for, where there has been such possession, the estate is held to pass by descent to the heirs; where there has been none, it goes directly to the executor and administrator. See Smith v. Dyer, 16 Mass. 18. Without, however, considering this objection as insuperable, and reserving it, as it has not been argued, for further consideration, as one of the heirs, against whom relief may be had pro tanto is before the court, we shall proceed to the main question in the cause.

And, in the first place, are the plaintiffs, supposing all other difficulties overcome, entitled to relief against the defendants, who are claimants and proprietors of the Fox Point lots? We are clearly of opinion, that they are not. They are bona fide purchasers for a valuable consideration without any actual notice of the mortgage, and affected by it only so far, as it varies constructively from the registry of the mortgage. The application is made after they have been in uninterrupted possession of the premises for eighteen years under their purchase, and have made valuable improvements thereon. We make no distinction between their possession of the upland, and the flats. The latter were a part of their grant, and, whether visibly occupied or not, follow the seisin of the other part, there being no pretence of any adverse possession. In addition to this, the mortgagee, when he sold to them, had been in visible possession of the estate for ten years. The mortgage had been forfeited by breach of the condition for nine years. The mortgagor had been dead four years; his estate was utterly and hopelessly insolvent at the time, and became solvent only by the ultimate settlement of the Yazoo claims by congress in 1814. The estate was administered upon by the mortgagee; and all the circumstances must have been well known to him, and to the heirs. At least, the heirs had far better means of knowledge than the purchasers, and must be presumed to have had constructive notice of their rights. Under such circumstances, the equity of redemption must, in respect to these purchasers, have been deemed of no value, and to have been abandoned by all parties. The heirs had no interest to redeem, for the estate was insolvent; the creditors made no effort to redeem; and the property lay in the hands of the mortgagee, as a pledge not worth redemption. If afterwards, after the estate became solvent, the heirs had then pressed forward their claim against the purchasers, there might have

been some foundation for relief. But they lay by through a period of fourteen years more without any stir, and until the mortgagee was himself dead. Now, there is nothing in the case to break the force of these circumstances in respect to these purchasers. It is said, that in another suit in equity, in 1822, the mortgagee acknowledged, that he held the estate in mortgage, and that it was not irredeemable. But how can this affect these purchasers? They are not affected, much less bound by any admissions made by the mortgagee after the sale to them, whatever they may be. Their rights are not to be affected by his confessions. He sold to them, as absolute owner, and they are entitled to be secure against any subsequent admissions, which should control that solemn declaration under his own seal.

But it is said, that though the mortgagee took possession of the mortgaged estate, it was as agent of the mortgagor. This is the allegation in the amended bill. In the original bill the possession is stated without any such qualification. Now, this qualification of the possession is utterly denied by the answers, and of course must be proved in order to control those answers. No such proof exists in the case; and it seems to us, that it is in its nature almost incapable of proof. A mortgagee entering into possession, and taking the profits, must be deemed to take them in his character as mortgagee. If in any sense he can be said to take them as agent, it must be as agent-mortgagee. Before forfeiture he may properly be deemed, in some sort, an agent. But after forfeiture his possession is under his title; and if he then takes the profits, he must be deemed to take them as mortgagee, and not otherwise, unless there be the most plenary and irresistible proof, that he has disclaimed that character, and taken them to account, and has accounted therefor, as a stranger-agent. No such account is pretended in the present case. All the circumstances are against it. There has been no account whatever rendered, at any time, on the footing of the mortgage. When the mortgagor died, in 1806, the agency must at all events have terminated; and the possession after that time, was about twenty years without any account. There cannot be any reasonable doubt, that the utter insolvency of the estate at that period made it no object with the heirs to treat it as mere security; and the creditors, from ignorance, or laches, or indifference, slumbered over their rights. It appears to us, that under all the circumstances there would, after such a lapse of time, be gross injustice in allowing a redemption against these purchasers. Our judgment accordingly is, that the bill, as against them, ought to be dismissed, but without costs.

But, in respect to the Main street estate, which remained in the mortgagee's possession up to the time of his death, very different considerations may well enter into the

question of redemption. Generally speaking, no lapse of time will bar the right to redeem, so long as the mortgage has been treated between the parties as a subsisting mortgage and security only. But, if the mortgagee has been in possession of the mortgaged premises for twenty years, taking the profits without any account or act done, by which he admits himself to hold it as a qualified estate, the equity of redemption will be presumed to be extinguished, or abandoned by the mortgagee; and a bill to redeem will not be entertained by a court of equity. This, as a general principle, is not denied; and is too clearly established by the authorities to admit of doubt. See 1 Pow. Mortg., by Coventry & Rand, p. 360, and notes T, U; Id. p. 366; Id. p. 369, and note B; Id. p. 370, note C; Id. p. 392, note 1. What acknowledgment, or other act done within the twenty years, shall be sufficient to entitle it to be deemed, between the parties, a subsisting mortgage, may be matter of discussion, according to the circumstances of each case. But no one can doubt, that a solemn acknowledgment in writing, made within the twenty years by the mortgagee, that he deems it a mere security, will open the estate to redemption. The authorities are pointed to this effect. See 1 Pow. Mortg., by Coventry & Rand, p. 370; Id. p. 371, note D; Id. p. 377, note G; Id. pp. 379–382, note H; p. 385, note 1; Id. p. 386.

Now, in the present case, there is the most solemn and pointed admission by the mortgagee, in his answer to the bill filed in 1821 against him for an account, as administrator of Jonathan Arnold, that he then held this estate as a mortgage, and only as a mortgage, under Jonathan Arnold. This admission was in a suit between third persons, and not between the parties now before the court. But that circumstance does not vary its force. It is still an admission, and a most solemn one under oath, by the mortgagor; and, as such, ought to bind his personal and real representatives, although it would not bind third persons. Cases are cited in the note to Mr. Rand's valuable edition of Powell on Mortgages, by Coventry (volume 1, p. 385, note 1), which are directly in point; and we gladly refer to them in their compendious form, as satisfactory and conclusive. Then, again, it may be suggested, that there cannot be any redemption of a mortgage, unless of all the premises contained in the original mortgage deed; and, therefore, if there be a bar to any part, that operates as a bar to the whole. Our opinion is, that this objection, (if it should be made,) is not maintainable in point of law. There is neither reason nor policy to support it; and we are not aware of any case, which goes the length of establishing it. It seems to us, that the authorities, so far as they go, point the other way. See 1 Pow. Mortg., by Coventry & Rand, p. 385, note 1, under pages 388, 389.

The present is not a case, where the mortgagee has entered into possession to foreclose his mortgage in the manner pointed out by the Rhode Island statutes (see R. I. Acts, Dig. 1798, p. 275, and Dig. 1822, p. 209), and where his possession, for the stipulated period, bars the equity of redemption. The case stands upon the general principles of a court of equity; and the bar, if any, arises only from the rules, which it has prescribed in its own administration of its jurisdiction.

Supposing, therefore, that the other difficulties already alluded to are overcome, we perceive no solid objection to allowing the plaintiffs to redeem according to the prayer of their bill, so far as respects the Main street estate.

What we propose at present is to pass an interlocutory decree, dismissing the bill, as against the purchasers and proprietors of the Fox Point lots; and, retaining the bill as to the other defendants, to allow the plaintiffs to amend their bill, as to the trustees under Marcy Dexter's will, in the particulars mentioned; and, as consequent thereon, to allow the trustees to answer as to such amendatory matter. And, in order to prevent any unnecessary delay, we propose, if the trustees do not interpose any objection, to refer it to a master to take an account of what is due on the foot of the mortgage; to direct notice to James Arnold and Benjamin Arnold before the taking of the report, that they may become parties to the bill, and contest for their interests in the matter thereof; and to reserve all their rights, to be heard fully by the court upon the merits, if they shall become parties. The question of the ultimate right of redemption by the plaintiffs, if no other parties shall appear, in the progress of the suit, than those who are now before the court, is to be reserved for future consideration, when the master's report comes in. Decree accordingly.

[NOTE. The cause was subsequently heard and decided on exceptions to the master's report. See Case No. 3,858.]