MATHEWS *versus* LIGHT.

Three notes of hand, payable at different times, were secured by mortgage,
and the two having the longest pay day, were sued and collected soon after
they were due.  In an action upon the mortgage, the note first due was
not produced, nor any evidence given of its loss, or that it remained unpaid;
*held*, that after the lapse of thirty years, it may be presumed to have been
paid.

ON REPORT from *Nisi Prius,* APPLETON, J., presiding.
WRIT OF ENTRY.

Plaintiff claimed title to the premises as assignee of a
mortgage given by defendant to one Joseph Pierce on Oct.
20, 1819, to secure the payment of three promissory notes
of $84,16 each, one payable in June following, and the other
two in one and two years from the same June.

Joseph Pierce died prior to July, 1828, when Joseph H.
Pierce was authorized to act as his executor.

Joseph H. Pierce was lost at sea the last of the year
1832.

Administration *de bonis non,* of Joseph Pierce, was grant-
ed to Henry A. Pierce, in the county of Waldo, in 1853, and
he assigned the copy of the mortgage and note to plaintiff,
the original not being found.

It appeared by the testimony of Henry A. Pierce that he
had searched among the papers of Joseph Pierce, but could
not find the mortgage or notes.  Sundry evidence was ob-
jected to for want of evidence of the loss of the papers.

To rebut the presumption of payment of the notes, the
plaintiff introduced the deposition of one Overlock, tending
to show a conversation between Joseph Pierce and defend-
ant, in 1829, when the defendant proposed to buy the prem-
ises; also the answers of defendant in an equity proceeding

between these parties as to this land, tending to show that he claimed to hold the premises by possession.

The defendant showed by the records of Lincoln county that the last two notes described in the mortgage were sued soon after they became due, and judgment obtained, and the executions issued thereon satisfied.

The case was submitted to the full Court, whether the plaintiff could maintain this action, and if the evidence on the part of defendant would warrant the presumption of payment of *all* the notes; and that such judgment should be entered as the admissible testimony required.

*Bulfinch*, for defendant, cited Stark. on Ev. part 4, page 1091.

*Palmer*, for plaintiff, cited *Joy* v. *Adams*, 26 Maine, 330; and *Sweetser* v. *Lowell*, 33 Maine, 446.

Appleton, J. — It appears that the defendant, on Oct. 20, 1819, gave one Joseph Pierce a mortgage of the demanded premises and three several notes, each for the sum of $84,16⅔, payable in one, two and three years from the 20th day of the June preceding. Joseph Pierce deceased sometime prior to July 7, 1828, when a copy of his will, with the probate thereof in the county of Suffolk and Commonwealth of Massachusetts, was duly filed and recorded in the probate office for the county of Waldo. The death of Joseph H. Pierce, who had been appointed executor by the will of his father, Joseph Pierce, took place in the last of 1832 or the first of 1833. No further proceedings appear to have been had in relation to the estate of Joseph Pierce, until Jan. 4, 1853, when at a Probate Court for the county of Waldo, Henry A. Pierce was appointed administrator on the estate of said Joseph. By virtue of this appointment, not having the original mortgage or the notes thereby secured, but having a copy of the mortgage, he assigned the same with the mortgage debt to the present plaintiff.

The general rule of law is, that a mortgage is presumed to have been paid when the mortgagee is shown to have re-

mained in the undisturbed possession of the mortgaged premises for more than twenty years without having paid interest upon the mortgage debt, or having in any other mode recognized its existence. *Blethen* v. *Dwinal*, 35 Maine, 561; *Cholmondely* v. *Clinton*, 2 Jac. & Walk. 186; *Dexter* v. *Arnold*, 1 Sum. 109.

As the plaintiff claims to recover as the assignee of a mortgage in full force, he must show the amount for which the conditional judgment should be rendered. He should therefore produce the mortgage notes, or if he claim they remain unpaid, satisfactorily account for their non-production. He is not entitled to judgment without showing a present indebtedness. *Gray* v. *Jenks*, 3 Mason, 523; *Edgell* v. *Stamford*, 3 Verm. 526; *Blethen* v. *Dwinal*, 35 Maine, 556.

The plaintiff does not produce the original mortgage or the notes thereby secured. To rebut the inference naturally arising after the lapse of more than thirty years, from their non-production, he proves by Henry A. Pierce, the recently appointed administrator upon the estate of his grandfather, that he has since his appointment made search among the papers of his father, Joseph H. Pierce, and has been unable to find either the mortgage or the notes. If the notes had been paid, there would be no reason to anticipate their discovery among the papers of Joseph H. Pierce or of any one else. It is not shown that they were outstanding against the defendant at the death of Joseph Pierce, or were included in the inventory of his estate. The notes were not given to Joseph H. Pierce and are not shown to have ever been in his possession. If they were never in his possession, the result of a search, however diligent, could not have been expected to have resulted in finding what was never there. The loss of a paper is not proved by the mere inability to find it. If the notes secured by the mortgage had been paid, the search for them, however vigilant, would not have led to their discovery, yet they would not have been lost, nor would the inability to find them have been deemed satisfactory proof of loss.

Every presumption is in truth founded on the natural connexion which exists between a known truth, and the truth sought for, and as this connexion is more or less necessary and uniform, the presumption is regarded as stronger or weaker. Gabriel Traite des Preuves, 569. A receipt for rent due at one time affords a presumption that rent due at an earlier time has been paid. 3 Stark. Ev. 1091. "The presumption arising from repeated payments of an annual debt, that prior sums for which no receipt can be shown were likewise paid, affords a good example of this species of presumption. For it is a natural presumption even in the case of a single discharge for a later year, and its force increases with the number and repetition of payments." Glassford on Ev. 591. This presumption arises from the natural and ordinary course of business, according to which debts first due will be first demanded, and may be expected to be first paid. 1 Ev. Poth. § 812.

In the present case, the first note was not produced, nor was there any proof tending to show that it had been lost or remained unpaid. Its non-production is not sufficiently accounted for. Suits were commenced on the last two notes secured by the mortgage shortly after their maturity, and over thirty years ago, and they are proved to have been paid. From such circumstances, the inference is unavoidable that the first has been paid, in the entire absence of any opposing proof.

The evidence of Overlock cannot be regarded as tending in any degree to disprove the presumption of payment. He testifies with great particularity to a conversation with Joseph Pierce in 1829, in which the defendant was desirous of purchasing the land in dispute. But as this conversation was more than a year after the probate of the will of Joseph Pierce, he must have been mistaken as to the time. Nor is it very probable he would be desirous of purchasing this land, of which, if his notes were paid, he was the owner in fee, and if they were in part unpaid, he had the equity of redemption. He had, therefore, nothing to purchase. It is obvi-

ous, therefore, that little or no regard should be paid to this testimony, as it must have been either intentionally false, or what is more probable, the result of a mistake or misrecollection.          *Plaintiff nonsuit.*