Parker, C. J.
The Court having come to a determination against the right of the demandants to recover, upon a general principle, it is unnecessary to consider the minor questions, which were argued by the counsel in this cause.
The action is entry sur disseisin, and the demandants count upon their own seisin, as heirs at law of Godfrey Smith, their father, and allege their seisin to be in fee and in mortgage. There is no averment of an entry by their father, the mortgagee, in his lifetime, or by the heirs or any other person since his death, to foreclose the right of * redemption. But it appears from the [ * 21 ] mortgage deed, of which profert is made, that the condition has been many years broken ; and the action must now be taken to be brought in order to foreclose the redemption.
Now we think it very clear that according to the general principles relating to mortgages, as well as according to the provisions of our statutes, heirs, as such, have not such an interest in the mortgage, *18 as will entitle them to enter, or to have an action for condition broken (4). For as the debt belongs to the executor or administrator, to be administered according to law; so does the mortgage, which is only a security for the debt. And if the heir were to count upon his seisin, without setting forth the conditional nature of the estate, the mortgagor might show it in defence, and bar him of his action. For as the judgment, according to the statute, must be conditional, and as the payment of the sum due within two months will prevent a writ of possession for the land, such plea by the tenant would show that the executor or administrator, and not the heir, ought to have brought the action. And this is of importance ; for otherwise heirs, who give no security for a right distribution of the effects of deceased debtors, might get possession of those effects, to the prejudice of the creditors, to whom the executor or administrator is properly responsible.
To avoid this inconvenience, and to remove doubts which had before existed, the statute of 1788, c. 51, was enacted, which provides that whenever any mortgagee shall decease before recovery of seisin and possession, the debts due on the mortgage, and the lands, &c., mortgaged by the same, shall be assets in the hands of executors or administrators, as personal estate ; and that they may bring actions for recovery of seisin and possession, and may declare on the seisin of the testator or intestate. And by the same statute it is provided, that executors or administrators shall be seised and possessed of estates so recovered by them, to the use and be- [ * 22 ] hoof of the widow and heirs or * devisees of the deceased; and the same, if not necessary for the payment of debts, shall be distributed as personal estate. And by the fourth section of the statute it is provided that, on judgment for possession, the executors or administrators shall be entitled to receive the money due, if the estate should be redeemed, and are authorized to discharge the estate mortgaged by release, &c.
By this statute therefore, if not before, all authority over mortgaged estates, which have not been taken possession of in the lifetime of the mortgagee, is vested in his executors or administrators, as trustees of the creditors and others interested in the personal estate of the deceased; and they alone can maintain actions upon the *19 mortgage for possession, on condition broken, with a view to foreclose the right to redeem.
Had the mortgagee entered in his lifetime, after condition broken, and died seised and possessed, the case might have been different; as his seisin would descend to his heirs ; although in that case, according to the section of the statute last cited, if the heir received the money, the executor would be entitled to it, ai\d might discharge the mortgage.
If possession have been taken, and the term of redemption expired, before the death of the mortgagee, of course his estate would be absolute, and would descend like other real estate.
It has been objected that, in the case before us, no administrator has ever been appointed ; and, as more than twenty years have elapsed since the death of the mortgagee, none can be appointed, and so the debt will be lost to the estate. If so, it is a case of negligence, for which the law gives no remedy. If the equity of redemption has ever been foreclosed, the heirs may have their action upon the seisin of their ancestor, and will recover the land. But supposing no entry to have been ever made, it is not more hard that the pledge should be lost, than that the debt itself should be irrecoverable.
* The opinion of the learned Judge Trowbridge, in his [ * 23 ] reading on mortgages, published in a supplement to the eighth volume of the Massachusetts Reports, has been pressed upon us in the argument. The principal object of that argument was to refute certain principles, supposed to have been laid down by Lord Mansfield, tending, as Trowbridge thought, to deprive mortgaged estates of their legal qualities. He maintains, with great force of reasoning, as well as by authorities, that a mortgage in fee simple is, at common law, a conveyance of real estate, defeasible only by performance of the condition according to the deed, or by the intervention of chancery afterwards; and in the latter case, that the title remains in the mortgagee, until a reconveyance.
Admitting him to be entirely right in his doctrine, and in its consequences, viz. that estates held in mortgage descend to the heir, that they are subject to the mortgagee’s debts by elegit, &c., yet it is to be considered that, at the time he wrote, no statute existed in the province, making mortgaged estates assets, and directing that they should go to the executor or administrator. According to the common law, it is true, the legal estate would be in the mortgagee, and would descend to his heirs. But chancery considered the heir only as trustee for the executor; and would compel him to release, if payment had been made to the executor, or to pay over to the executor, in case payment had been made to the heir.
*20 But in this commonwealth, there having been no Court competent to the enforcement of trusts, the legislature, in the statute before cited, have enacted the principles which governed the Courts of equity; and have given, by law, to executors and administrators, the rights in mortgages, which in England they had, and might have enforced by process in equity. Since the passing of our statute then, the law with respect to mortgaged estates is changed; so that they do not descend to the heirs, but are to be under the control of the executor [ * 24 ] or administrator, for the purpose * of being distributed among creditors, or between the widow and heirs, as personal estate. In the lifetime of the mortgagee, he has the right to enter and dispossess the mortgagor, or may maintain a writ of entry upon the seisin created by the deed. But until foreclosure, the estate is considered in law to be a pledge for a debt; and on the death of the mortgagee it is to be treated as a debt, in all respects, by the executor or administrator.
As in this commonwealth we seldom see, in mortgage deeds, any provision for the continuance of the mortgagor in possession, until a forfeiture of the estate is incurred by a breach of the condition, a difficulty may arise on the death of the mortgagee, he having entered before condition broken. In such case he may be considered as having died seised of a defeasible estate ; but nevertheless, accord ing to the principles of the statute, the executor or administrator has the right of possession, and ndt the heir. It is the former who must receive the rents and profits, and account for them, and it is he alone, who can dispose of them according to the provisions of the statute (5).

New trial ordered.

 [There can be no doubt but that at the common law the heir has the legal estate. If the executor bring a bill of foreclosure, he must make the heir a party. The heir may exhibit a bill and have a foreclosure without making the executor a party. If the executor in this case exhibit a bill against the heir, he may pay the money and retain the land, which he holds in trust for the executor to pay the debt; and if the heir receive the money from the mortgagor, it will be decreed that he pay it to the ex ecutor. And if the heir refuse to pay the money, the land will be decreed to the ex ecutor. Powell on Mortgages, 6th English Ed. pp. 666. 790. —Ed ]

 [Reading of Trowbridge, 8 Mass. 554. —Dewey vs. Van Deusen, 4 Pick. 19. —Demarest vs. Winkoop, 3 Johns. Ch. R. 129. —Ed.]