ABEL DEWEY *et al. versus* MATTHEW VAN DEUSEN.

A mortgagee enters for condition broken, and by parol agreement consents that the mortgager may continue in possession, paying interest under the name of rent, until foreclosure or redemption, and dies. *Held*, that an action before foreclosure to recover the actual possession, must be brought by the executor or administrator, and not by the heir.

THIS was a *writ of entry*, in which the demandants counted on the seisin of A. Dewey, their father, and a disseisin by the tenant. The demandants produced a deed of mortgage in fee simple of the demanded premises from the tenant to A. Dewey, and proved that on the 14th of June, 1824, A. Dewey entered, with the consent of the tenant, for condition broken, and that it was agreed that the tenant might continue in possession under the mortgagee, paying interest on the sum secured by the mortgage as rent, until the mortgage should be foreclosed or the tenant should redeem.

On this evidence *Wilde* J. was of opinion that the demandants were entitled to recover, it being admitted that before the commencement of the suit the mortgagee died, leaving them his sole heirs. The tenant thereupon agreed to be defaulted ; but if the whole Court should be of opinion that the demandants were not entitled to recover, the default was to be taken off and a nonsuit to be entered.

*C. A. Dewey*, for the tenant. On the death of a mortgagee his executor or administrator has the entire control of the mortgage, and the heir has no right or interest which will entitle him to enter or maintain a writ of entry for the purpose of foreclosing. *St.* 1788, *c.* 51 ; Stearns on Real Actions, 252, 258, 259 ; *Smith* v. *Dyer*, 16 Mass. R. 21. A mortgage before foreclosure properly constitutes a fund for the payment of debts and for distribution as personal property among the heirs. The objection to the action is not one of mere form ; for as the amount due on the notes secured by a mortgage will be reduced by the rents and profits received by the heir, and as by the case of *Gibson* v. *Farley*, 16 Mass. R. 280, the real estate of a person deceased, until it is sold by his executor or administrator to pay debts, is enjoyed by the heir without his being held to

*Sept.* 23d.

account, in the case of an insolvency the fund for the payment of debts may be materially affected by sustaining such an action.

*Porter*, for the demandants. By the statute of 1788, if a mortgagee dies before recovery of seisin and possession, his executor or administrator may bring an action for the recovery of seisin and possession. But here the mortgagee recovered seisin and possession, and leased the land to the mortgager as tenant at will. The seisin and possession of the mortgagee descended to his heirs, and the tenancy at will was determined by the death of the lessor ; and this action is brought, not as against a mortgager for the purpose of foreclosing, but to recover possession against a tenant who holds over. He cited *Dean* v. *Dean*, 3 Mass. R. 258 *Willard* v. *Nason*, 5 Mass. R. 240 ; Stearns, 233.

WILDE J. delivered the opinion of the Court. It struck me at the trial, that this case was distinguished from the case of *Smith et al.* v. *Dyer*, 16 Mass. R. 18, by a material fact, namely, the entry of the mortgagee after condition broken, whereby he acquired the actual seisin of the whole legal estate ; and that dying so seised, the estate would descend to his heirs ; defeasible however by payment of the money due to the administrator, or by his disposition of the property in the course of administration. But my brethren think, and I concur with them in opinion, that notwithstanding the entry of the mortgagee, the property on his decease vested in his administrator, and did not descend to the heirs ; and that this action cannot be maintained in the name of the heirs.

The case depends on the statute of 1788, c. 51, the language of which is not very definite, but according to its most obvious meaning, it requires, that whenever the mortgager is in actual possession after the death of the mortgagee, the equity of redemption not being foreclosed, and it becomes necessary to commence an action against him for the recovery of possession, the action must be brought in the name of the executor or administrator. Now, notwithstanding the entry of the mortgagee, the mortgager was permitted still to remain in possession, on an agreement to pay interest under the name of rent, and this action is commenced to recover

possession. The tenant might have pleaded the mortgage and restricted the demandants to a conditional judgment, so that all the reasons given for the decision in the case of *Smith* v. *Dyer* seem to apply with equal force to this case. Although the mortgagee entered, he had not recovered possession within the true meaning of the statute ; he had the legal but not the actual possession ; and therefore the action should have been brought by the administrator.[1]

According to the agreement of the parties, the default must be taken off, and the demandants must become nonsuit.

Dewey<br>v.<br>Van Deusen.

---

[1] See 2 Powell on Mortg. (Rand's ed.) 666 *a*, and note 1. Revised Stat. c. 65, § 11