# WHITE vs. ERSKINE.

J. S. sold and conveyed to N. M. and at the same time took back a mortgage to secure the payment of the purchase money. Subsequent to which, but prior to the registry of the mortgage, N. M. conveyed without consideration, and with notice, to J. Y., and J. Y. to Erskine, the defendant. J. S. died, and his heir quit-claimed to N. M. who thereupon conveyed to White, the demandant. *Held*, that the conveyance of the heir did not operate as *an assignment* of the mortgage, she having no authority to make one; — and that, if it had *any* operation, it was to *extinguish* the mortgage and lien created under it; — and that, the title of N. M. thus perfected would immediately enure to J. Y., his grantee, and through him to the defendant.

THIS was a petition for partition of certain lands, in which the petitioner claimed *one half*. The plea of the respondent was *sole seizin* in himself. Both parties claimed under one *Levi B. Erskine*, who on the 9th of *February*, 1810, conveyed one undivided half of the premises to *Josiah Stebbins*. The latter died prior to *April* 20, 1830, on which day *Laura A. Stebbins*, his sole heir, conveyed by quit-claim, one undivided half of the premises to *Nathaniel Moody*, who at the same time conveyed the same half to *White*, the petitioner. The petitioner relied upon the evidence in this opening to maintain his title.

The respondent then produced a warranty deed of the whole premises from *Josiah Stebbins* and *David Otis*, to whom *Levi B. Erskine* had conveyed the other moiety, dated *March* 26, 1818, recorded *April* 22, 1823, to *Nathaniel Moody* — and a deed of quit-claim from said *Moody* to *Joseph Young*, dated *April* 22, 1823, recorded *April* 25, 1823 — and a deed from said *Young* to *Erskine*, the respondent, dated *Oct.* 30, 1829, and recorded *Nov.* 3, 1829.

The petitioner then produced a deed of mortgage from said *Moody* to said *Stebbins* and *Otis*, of the same date of their deed to him, recorded *May* 6, 1823, given to secure the payment of the consideration money — and offered to prove that the conveyances from *Moody* to *Young*, and from *Young* to the respondent were without consideration and fraudulent as against the mortgage of said *Stebbins* and *Otis* — and that, at the time

of the taking of said deeds, both *Young* and the respondent knew of the existence of said mortgage.

He also offered further to prove that, the conveyance from *Laura A. Stebbins* to *Moody*, and from the latter to the petitioner was one transaction, he, the petitioner, being the purchaser of said *Laura's* right for a full consideration, and that said deeds were designed to convey to the petitioner the interest of said *Laura*, and that the deed was made to said *Moody* solely for the use of the petitioner.

But *Weston J.* being of opinion that by the rules of law, the conveyance from said *Laura* to *Moody*, enured directly to the use of said *Young* and his grantee, rejected the evidence.

Whereupon the petitioner became nonsuit, with leave to have the same taken off, and the petition restored, if in the opinion of the whole Court, the evidence was admissible, and would avail in law to maintain the title of the petitioner to the moiety of the premises claimed by him.

*G. Evans* argued for the petitioner.

The general principle is not disputed, that where one conveys without title, and afterwards purchase, such purchase shall enure to the benefit of his grantee. But this is only where there have been general covenants of warranty, and not where the conveyance is by quit-claim merely. *Jackson v. Peck*, 4 *Wend.* 300.

This principle applies too, only where the conveyance was for a good and valuable consideration, which was the case in *Fairbanks v. Williamson*, 7 *Greenl.* 96 — see also *Somes v. Skinner*, 3 *Pick.* 52; *Varnum v. Abbott & al.* 12 *Mass.* 474. It does not apply where the conveyance was fraudulent. *Ricker v. Ham & al.* 14 *Mass.* 137. In this case the conveyance by *Moody* to *Young* was without consideration and fraudulent.

Further, if *Moody* had a *good title* at the time of his conveyance to *Young*, this would also, prevent the enuring of an after purchase to him — and such was the fact.

If it do not enure, as contended for by the respondent, then *Moody's* conveyance to the petitioner is valid and passes a good title, while his conveyance to the grantor of the respondent is

void and passes nothing.   The deed to the petitioner was for a good and valuable consideration — that to the grantor of the respondent was without consideration and fraudulent.   And the petitioner, being a *bona fide* purchaser, has a right to show the fraud in the first conveyance. *Somes v. Brewer,* 2 *Pick.* 84.

The conveyance of *Laura A. Stebbins* should not be construed as an *extinguishment* of the mortgage, but as an *assignment* of it merely ; — this the Court may ever do when the justice of the case requires it. *Barker v. Parker & als.* 4 *Pick.* 506 ; *Bullard v. Hinkley,* 5 *Greenl.* 272.

The conveyance from *Laura* to *Moody,* and from *Moody* to the petitioner, was one transaction, and conveyed to the petitioner a good title.   *Moody* was the mere channel of transmission, without interest.   He therefore could not have conveyed to any one but the petitioner without committing a fraud upon him. *Spear v. Hubbard,* 4 *Pick.* 143.   Nor could it have been attached as his estate before he had conveyed to the petitioner.

*Sprague,* for the respondent, cited *Jackson v. Hubbs,* 1 *Cowen,* 617, and was sustained by the Court in the positions taken by him in the argument. .

The opinion of the Court was delivered by

MELLEN C. J. — The facts of this case, necessary to a decision of it, and in chronological order, are these.   On the 26th of *March,* 1818, *Josiah Stebbins* and *David Otis,* being owners in common of the lands described in the petition, by purchase from one *Levi B. Erskine,* conveyed the same to *N. Moody.* The deed was registered *April* 22d, 1823.   On the same 26th of *March,* 1818, the said *Moody* conveyed the same to *Stebbins* and *Otis* in mortgage, to secure payment of the purchase money. The mortgage deed was registered *May* 6th, 1823.   On the 22d of *April,* 1823, *Moody,* by deed of quit-claim, with special warranty, conveyed the same premises to *Young,* who caused his deed to be registered on the 25th of the same *April.   Young,* on the 30th of *October,* 1829, conveyed the same to *Erskine,* the respondent.   *J. Stebbins* having deceased, his only child and heir, *Laura A. Stebbins,* on the 20th of *April,* 1830, by quit-claim deed, conveyed one *undivided moiety* of the premises

to the said *Moody*, who on the same day conveyed the same to *White*, the petitioner. The petitioner offered to prove that the conveyances from *Moody* to *Young* and from *Young* to the respondent were made without consideration, and that all the three knew of the existence of the mortgage deed, though the same was not registered until fourteen days after *Moody's* deed to *Young* was executed, and that therefore the same was fraudulent as against the mortgage. For the purposes of this decision we are to consider the above facts, which the petitioner *offered* to prove, in the same manner as though they *had been proved.* On this ground, it is clear, that the conveyance so made to *Young*, did not, and could not prejudice the title of *Stebbins* and *Otis as mortgagees*; but still, *Moody* had a legal right to convey what title he had, that is, his *equity in redemption :* and *his* knowledge of the mortgage could not prevent the operation of his deed, nor could *Young's* knowledge have that effect. Both those conveyances, therefore, were operative and conveyed to the respondent, *Moody's* equity of redemption. But the petitioner contends, that the deed from *Laura A. Stebbins* to *Moody*, and *Moody's* deed to him, of *April* 20th, 1830, have operated to convey to the petitioner the fee simple of the undivided moiety of the premises, which is the portion in controversy. It is very clear that the deed of *Laura A. Stebbins* did not operate as an *assignment* of the mortgage ; for as *heir* she had no authority to assign it. *Smith & al. v. Dyer*, 16 *Mass.* 18. — If it had any operation, it was to extinguish the mortgage, and relieve the moiety from the lien upon it, which had been created by the mortgage. On this conveyance the petitioner relies. Now, admitting that the fee simple estate in the moiety, was thus reconveyed to *Moody*, the legal effect was, that the title instantly enured to the benefit of *Young*, under whom the respondent claims, as the presiding Judge decided ; because *Moody* in his deed to *Young*, covenanted to warrant and defend the premises to him, his heirs and assigns, against the claims of all persons claiming under him or his heirs. The mortgage deed was made *prior* to the conveyance to *Young ;* and the claim of the petitioner is under the heir of *Stebbins*, one of the mortgagees. According to the authorities cited by the counsel

for the respondent, and well settled principles of estoppel, the title derived from *Laura A. Stebbins* and conveyed to *Moody* by her, enured to *Young*, and through him to the respondent. But if nothing passed by her deed to *Moody*, what could have passed by his deed to the petitioner in 1830, when all the right which he had in 1823, was conveyed to *Young* and by *Young* to the respondent, both of which deeds were on record on the 3d of *November*, 1829. In any view of the cause, we do not perceive any principles on which the petitioner can succeed. Accordingly, the nonsuit is confirmed.

*Judgment for defendant.*