PETER FAY *et al. versus* JESSE CHENEY.

If a testator, after the making of his will, takes a bond and mortgage, and enters for
  condition broken, but dies before foreclosure, the heirs at law are not entitled to the
  mortgaged premises as real estate purchased subsequently to the making of the will,
  but the debt goes to the executor as personal estate, and he may collect it or may
  assign it together with the mortgage.

WRIT of entry.   The demandants claim title to the land as
heirs of Alpheus Fay.

Upon a case stated it appeared, that before June 16, 1827,
Alpheus Fay made his will, by which he devised to Fitch
Winchester, his heirs and assigns, " all the rest and residue of
his estate, real, personal and mixed," and appointed Winches-
ter his executor.

On June 16, 1827, one Cook mortgaged the demanded
premises to one Onthank, to secure the payment of the sum of
$ 500, one half in one year, and the residue in two years, ac-
cording to the condition of a bond binding the mortgager to
these payments.   On October 22, 1827, Onthank assigned the
bond and mortgage to the testator.   In July 1829, the testa-
tor entered and took possession of the premises under the
mortgage, for condition broken, and continued to hold posses-
sion thereof until his decease, which took place on October
31, 1830.   On August 29, 1831, Winchester, by his deed,
as executor, assigned the bond and mortgage to the defendant,
who thereupon entered into possession of the premises.

On September 25, 1829, the mortgager conveyed the
equity of redemption to one Bigelow, by whom it was con-
veyed on January 26, 1831, to Onthank.   On June 12, 1832,
Onthank quitclaimed and assigned all his interest in the prem-
ises to the defendant.

The plaintiff was to be nonsuited, or the defendant to be
defaulted, according to the opinion of the Court upon these
facts.

*Newton* and *Lincoln* for the plaintiff.   The interest of the      *Oct. 4th.*
testator in the premises, after entry for condition broken, was
real estate, and as it was acquired after the making of his will,
did not pass to Winchester by the devise, but descended

to the plaintiffs as the heirs of the testator. Trowbridge's Reading, 8 Mass. R. 554 ; *Smith* v. *Dyer*, 16 Mass. R. 18 ; 2 Powell on Mortg. (Rand's ed.) 423 ; *Astor* v. *Hoyt*, 5 Wendell, 603 ; *Williams* v. *Bosanquet*, 1 Brod. & Bingh. 238. If the interest of the testator in the premises before entry for condition broken, would have passed by the devise, his entry was an alteration of the estate which operated as a revocation. *Ballard* v. *Carter*, 5 Pick. 112 ; *Sparrow* v. *Hardcastle*, 3 Atk. 798 ; *Marwood* v. *Turner*, 3 P. Wms. 166 ; *Abney* v. *Miller*, 2 Atk. 593 ; 1 Powell on Mortg. (Rand's ed.) 110.

*Merrick* and *Kinnicutt*, for the defendant, cited 1 Cruise's Dig. 110 ; *Ellis* v. *Guavas*, 2 Ch. Cas. 50 ; *Goodwin* v. *Richardson*, 11 Mass. R. 469 ; *Bolton* v. *Ballard*, 13 Mass. R. 227 ; *Parsons* v. *Welles*, 17 Mass. R. 419.

SHAW C. J. delivered the opinion of the Court. This case involves such a variety of persons and dates, that it seems complicated ; but I believe that a close examination and distinct understanding of these particulars, will render the case exceedingly clear.

The plaintiffs claim as heirs at law of Alpheus Fay ; the case shows that he made his will and gave the residue of all his property, real, personal and mixed, to Fitch Winchester, and made him executor. After the execution of this will, he acquired by assignment the mortgage in question, being a mortgage previously made by Cook to Onthank. Alpheus Fay, the assignee, during his lifetime, entered for condition broken, but died before the three years elapsed.

Now the demandants contend, that as this mortgage was acquired by assignment, by their ancestor after making his will, so far as the assignment vested a fee in the testator, it was after-purchased estate, and did not pass by his will, but vested in his heirs at law. That real estate acquired by descent or purchase, after the making of a will, does not, without republication, pass by the will, but descends to the heirs, is a very clear principle of law ; but it will go very little way to wards aiding the demandants in this suit.

The law of mortgage in this commonwealth, is a mixed system, derived partly from the common law in regard to real property, partly from the rules and maxims of the English

courts of chancery, but principally from various statutes. Until condition broken, the rights of the parties are considered legal ; the mortgagee is deemed to be seised of a defeasible estate, and upon performance of the condition by the payment of the money due, within the time limited, or doing such other act as the condition provides, the estate is defeated by force of this condition and revests in the mortgager. But after condition broken, payment of the money is not a strict performance of the condition, and by mere force of the condition the estate at law is not defeated by this act. It may require a release or some other act of the mortgagee to revest the estate. Such a release, mortgagees and their heirs are bound by statute to give, and are rendered liable to an action on the case for special damages, if they refuse, with treble costs ; *St.* 1783, *c.* 37, § 6 ; or a bill in equity may be sustained. But it is manifest, that the only real purpose for which a mortgage is made, is to secure the debt ; and when the debt is paid, the whole substantial purpose is accomplished ; a mere naked seisin, without any beneficial interest, remains in the mortgagee ; the legal seisin, which he holds, results solely from the application of a strict technical rule of law, and any technical answer to a claim thus founded, is good.

Here, although the legal seisin acquired by Alpheus Fay, by the assignment of the mortgage, did not pass by his will previously executed, yet the debt secured by it did pass by the will as a will of goods. Remaining his personal property at the time of his decease, his executor had a perfect right to collect it or assign it, and the proceeds, when collected or assigned, passed by force of the will to the residuary legatee.

Now, to pursue the facts of this case a little further, it appears that the executor of Alpheus Fay did assign this mortgage to the defendant, and at least therefore the right to the debt vested in the defendant.

It appears, also, that he acquired the equity of redemption. The mortgager is deemed to be the owner of the estate, subject only to the mortgage. The equity of redemption is the estate, charged with the incumbrance. Except as to the mortgagee, the owner of the equity is the owner of the estate.

From the case it appears, that Cook, the original mortgager,

34 *

long before foreclosure, conveyed his right of redemption to Bigelow, that Bigelow conveyed the same, to Onthank, and that Onthank quitclaimed and assigned the same to Cheney, the defendant.

The defendant therefore became substantially the owner of the estate, subject only to the mortgage, and by becoming the purchaser and assignee of the debt secured by the mortgage, if there was not an extinguishment of the mortgage, at least nothing remained but the naked legal seisin, without any beneficial interest.

Then the question recurs, had the demandants such a seisin, and can they enforce it in an action at law.

It is unnecessary to decide, in case a mortgagee has entered for foreclosure, but not foreclosed at the time of his death, whether by force of the *St.* 1788, *c.* 51, the legal seisin vests in the heir or executor. We shall see hereafter, that if a suit is to be brought, it must be done by the executor. But supposing the legal seisin did vest in the heir, we are of opinion, that in the case before us the heirs cannot have judgment.

It is not necessary now to consider, what the effect would be if the parties were reversed, if the demandants were in possession of the mortgaged premises, and the defendant were seeking his remedy. But the facts imply, and the case supposes, that the defendant is in possession, and the demandants are seeking, by force of their supposed legal title, to obtain possession. Under these circumstances, the statute provides, that the judgment shall be conditional, that if the mortgager shall pay the mortgagee, his executors &c., such sum as the court shall adjudge to be due, within two months, the mortgage shall be void and discharged, otherwise the plaintiff shall have his writ of possession. *St.* 1785, *c.* 22, § 1. This implies that the court shall inquire and determine the amount due, and make that a part of the judgment. And if there is nothing due, there can of course be no conditional judgment. If it be said that this was probably not contemplated by the statute, it is probably true ; but it is also probably true, that it was never contemplated by the makers of the statute, that any action should be brought by the mortgagee, after the actual or virtual payment of the debt secured by the mortgage. The

scope and whole tenor of these statute provisions, imply, that the remedies designed for the mortgagee, were such as to enable him to obtain the payment of the debt, or an indefeasible title to the estate pledged for its security, but not both.

It is a settled rule under the statutes upon this subject, that if a mortgagee has occasion to sue, after condition broken, he is entitled to no other judgment than the conditional one ; and if the mortgagee declares on his own seisin generally, still the mortgager, or the tenant standing on the right and in the place of the mortgager, may show the qualified seisin of the demandant, and insist on the benefit of a conditional judgment. *Wade v. Howard*, 11 Pick. 289.

But there is another view of this subject, leading to the same result, which appears to me to be equally decisive. This action is brought by the heirs of the assignee of the mortgage. The statute already cited, *St.* 1788, *c.* 51, was designed, among other things, to remove doubts as to the interest, title and estate which executors and administrators have in the lands mortgaged to their testators or intestates, and it provides, that when such mortgagee shall decease, before recovery of seisin and possession of the lands mortgaged, they shall be assets, as personal estate &c., and executors or administrators may bring actions for the recovery of seisin and possession, in which actions it shall be sufficient to declare on the seisin and possession of the testator or intestate. It may be doubtful, upon the construction of the statute, whether the provisions in respect to the mortgagee's dying before the recovery of the seisin and possession of the mortgaged premises, means before foreclosure, or before entry to foreclose. The obvious purpose of the statute would require the former construction. The entry to foreclose does little or nothing to change the relative rights of the parties. It fixes the commencement of a term of three years, the lapse of which, by force of law, if the estate be not redeemed, will work a foreclosure. But the foreclosure itself effects an entire change. The lien is converted into an estate ; the pledge is changed into an irredeemable and indefeasible interest ; the debt is paid and extinguished by an absolute transfer of the estate ; in full, if the estate is of sufficient value, or *pro tanto*, if the value be insufficient. It is the foreclosure

and not the entry to foreclose, which effects this transmutation and substantially changes the mortgage from the personal to the real property of the mortgagee. It would seem, therefore, that this was the event contemplated by the statute, as that which would change the destination of the property, from the executor to the heir, and would follow out the general analogy of the law, which upon the decease of the proprietor, gives the real estate to the heir, and the personal to the executor or administrator. But whether the true construction of the statute would go to this extent or not, the constructions which it has judicially received, are sufficient to decide this action.

In *Smith* v. *Dyer*, 16 Mass. R. 18, it was decided, that the heirs of a mortgagee have not such an interest in mortgaged estate, as entitles them to enter, or to have an action for condition broken. This decision was founded on the construction of the statute.

In *Dewey* v. *Van Deusen*, 4 Pick. 19, the same decision was made, in a case where the mortgagee had entered in his lifetime, and died before foreclosure. This circumstance was relied on, in argument, to distinguish the case from the principle settled in *Smith* v. *Dyer*, and requiring a different rule under the provisions and construction of the statute. At first, the judge at nisi prius thought that this circumstance did make a difference and took the case out of the operation of that provision of the statute, which gives the action to the executor or administrator, and he reserved the point upon that ground, so that the attention of the Court was called directly to that point. But upon argument and consideration, the same judge, with the whole Court, were of opinion, that where the mortgagee had entered to foreclose, but died before foreclosure, the executor alone, and not the heir, must bring the action, if there be occasion to bring one.

That case is exactly in point. Here the mortgagee entered to foreclose and died. The defendant, by various mesne conveyances, acquired the equity of redemption and stood in the place of the mortgager, when the suit was brought. If, therefore, the debt remained unpaid, and there were occasion to bring an action, it must be brought by the executor, and could not be maintained in the name of the heirs.

*Demandants nonsuit.*