PETER B. BRIGHAM & others *vs.* FITCH WINCHESTER.

Where a testator, at the time of making his will, (before the Rev. Sts. took effect) held land in mortgage, and devised all his real estate, and afterwards foreclosed the mortgage, it was held that such land did not pass by the will.

WRIT of entry to recover a tract of land in Southborough, called the Bellows farm. The demandants were the heirs at law of Alpheus Fay, and claimed title by descent from him. The tenant claimed title as devisee of said Fay.

- At the trial, before *Dewey*, J. it appeared that Ebenezer Bellows, on the 26th of March, 1814, mortgaged the demanded premises to said Fay, to secure payment of certain promissory notes ; and that said Fay, on the 23d of August, 1823, entered upon said premises for condition broken, and, under said entry, foreclosed the mortgage. On the 28th of April, 1823, said Fay made his last will, by which, after certain bequests, he devised to the tenant all the rest and residue of his estate, real, personal and mixed. Said Fay died in October, 1830, and his said will was proved and allowed in the following December.

The judge ruled that the demanded premises did not pass to the tenant by the will, and a verdict was returned for the demandants, subject to the opinion of the whole court.

*Washburn*, for the tenant.

*Newton* and *C. Allen*, for the demandants.

DEWEY, J. The demandants claim as heirs at law of Alpheus Fay, and their right as such to recover their proportionate share of the demanded premises is undoubted, unless the same have passed to the tenant as residuary devisee under the will of said Fay. The terms of the devise are quite sufficient to pass all the undevised property which said Fay then possessed, being

a devise to the tenant, his heirs and assigns, of all the rest and residue of said Fay's estate real, personal and mixed.    Under this devise, the notes of Bellows, which Fay then held, and also the mortgage given to secure payment of the same would have passed to the tenant, as residuary devisee, had they remained unchanged in their character until the death of the testator. Thus far there is no question between the parties as to what would have been their legal rights.    But it is now urged by the demandants, that after the making of the will, and before the death of the testator, the notes of Bellows had ceased to be ev-'dence of a debt, and the mortgaged premises were no longer held as security for the payment of money ; but the same had become absolutely vested in the testator, as an indefeasible estate in fee, and after this period the demanded premises are to be considered as real estate, and necessarily to be treated as real estate acquired after the making of the will.    The demand-ants then rely upon the familiar rule of law, that to give effect to a devise of real estate, the testator must be the owner there-of at the time of making the devise, as well as at the time of his decease ; and that it must be the same interest at these dif-ferent periods of time.    This rule is well settled, and must be applied in all cases not affected by § 3, *c.* 62, of the Rev. Sts., which has materially changed the law, as to subsequent devises, providing, as it does, that an interest acquired in lands by the testator, after the making of his will, shall pass thereby, if such shall clearly appear, by the will, to have been the intention of the testator.

That the testator became the owner of the land in controver-sy, by a good indefeasible title, in August, 1826, is conceded by all parties.    But the tenant contends that there has been no such change in the estate as should defeat his rights as a residu-ary devisee.    The position taken is, that the legal estate in the premises was in fact vested in the testator by the execution of the mortgage, liable only to be defeated by the performance of the condition of the mortgage, and therefore he was seized of the same estate at the time of making his will, and at his death. It is true that as between mortgagor and mortgagee, it has been

the language of the books, that the legal seizin is in the mortgagee before condition broken ; yet it is also said, that as to all other persons the mortgagor is considered the owner of the land. And so also as to the interest of the mortgagee, the doctrine is, that as to most purposes his estate is a mere chattel interest, following the nature of the debt secured by the mortgage. There is no attachable interest in the mortgagee, and the mortgagor may convey by deed his interest, and he may sue in trespass any stranger for wrongful entry into the land. The law of mortgage, modified as it has been by our statutes regulating the legal rights of the parties thereto, has certainly limited very much the practical application of the technical rule, that the legal estate is in the mortgagee. *Goodwin* v. *Richardson*, 11 Mass. 469. *Fay* v. *Cheney*, 14 Pick. 399. *Eaton* v. *Whiting*, 3 Pick. 488.

It seems to us that the principles which have been recognized in several cases, before this court, in relation to the character and nature of the estate of mortgagees before foreclosure, must be decisive of the present case. Upon the hypothesis that the mortgagee was seized of the legal estate, and that it would, therefore, descend to his heirs at law upon his death, without any foreclosure, a writ of entry was brought by the heirs at law of the mortgagee, counting on their own seizin in fee and mortgage, in the case of *Smith* v. *Dyer*, 16 Mass. 18 ; but it was held, that under our laws, no such estate vested in them, as would authorize such an action. *Parker*, C. J. in his opinion, particularly adverts to the effect necessarily resulting from our statutes in changing the common law doctrines as laid down by Judge *Trowbridge*, (8 Mass. 554,) in his reading on mortgages. And he adds, " until foreclosure, the estate is considered in law to be a pledge for the debt, and on the death of the mortgagee it is to be treated as a debt." Nor would the mere entry for foreclosure by the mortgagee so fix the character of the estate as to make it transmissible by descent to the heirs, as real estate, if the mortgagee die before the equity of redemption is barred. *Dewey* v. *Van Deusen*, 4 Pick. 19. *Fay* v. *Cheney*, 14 Pick. 399. The opinion in the case last cited, as delivered

by *Shaw*, C. J. presents strongly the views of this court as to the essential change in the estate of the mortgagee by the foreclosure.   It is said "the lien is converted into an estate ; the pledge is changed into an irredeemable and indefeasible interest ; the debt is paid and extinguished by an absolute transfer of the estate ; the foreclosure substantially changes the mortgage from the personal to the real property of the mortgagee."   If these remarks are sound, then most clearly the testator did not have the same estate in the demanded premises at the time of his death, which he had at the time of making his will.   Also in the case of *Goodwin* v. *Richardson*, before cited, it is said by *Jackson*, J., that "the foreclosure operates as a new purchase by the mortgagee."

But the question presented by the case before us has been even more directly the subject of judicial remarks in the case of *Ballard* v. *Carter*, 5 Pick. 115, where this point was much discussed in the very elaborate opinion of the late chief justice *Parker* ; and the general doctrines there stated seem to settle the whole matter very fully.   It is true that case might have been decided in favor of the heirs at law upon somewhat narrower ground, as there was not only a title under the mortgage, but after the making of the will the testator took an absolute deed from the mortgagor of the premises of which he had held the mortgage.   And this difference in the state of facts, in the two cases, has been the occasion probably of presenting again this question to the consideration of the court.

Upon reviewing the question here presented, and examining again the many authorities bearing upon it, we have, however, found no reason to doubt the correctness of the legal principle applicable to it, as stated in *Ballard* v. *Carter ;* and are, therefore, of opinion that the premises demanded in this writ did not pass to the tenant as residuary devisee of Alpheus Fay, as the said Fay, after the making of his will, and before his death, had by foreclosure of his mortgage changed his interest in the estate from that of mortgagee to that of owner of an indefeasible estate.

*Judgment on the verdict.*