JOHN HASKINS *vs.* FRANKLIN HAWKES & others.

After the death of a mortgagee of land, intestate, his heirs at law entered and took all the steps needful to foreclose the mortgage for breach of the condition, if they had been lawfully entitled to foreclose it, and held open and peaceable possession of the land for more than eight years, when an administrator was first appointed upon the petition of the mortgagor, and the mortgagor filed a bill in equity against them and him to redeem the land from the mortgage and for an account of the rents and profits. *Held,* that the mortgagor was entitled to a decree for redemption against all the defendants, and for the rents and profits to be accounted for to the administrator by the heirs at law and applied upon the mortgage debt.

BILL IN EQUITY, filed February 15, 1871, by the mortgagor of a parcel of land in Marblehead, to redeem it from the mortgage.

The bill alleged that the plaintiff on April 9, 1857, being then seised in fee simple of the land, mortgaged it to William Hawkes to secure repayment of a loan of $600 made to him that day by the mortgagee, for which he gave his promissory note ; that on November 8, 1860, the mortgagee died intestate, never having demanded repayment of the loan or taken any step to foreclose the mortgage ; that his only heirs at law were his two sons, Franklin and William, and three daughters, Mary, Sarah and Elizabeth ; that on April 30, 1862, Franklin Hawkes, acting for himself and his three sisters, and claiming that they four were owners of the mortgage and had a right to foreclose it, entered on the land for that purpose, and had ever since been in possession of it, and in receipt of the rents and profits, which the plaintiff believed had meanwhile exceeded the amount due upon the mortgage ; that the plaintiff called on them for an account, and offered to pay any amount which should be found due on the mortgage to any person legally entitled to receive the same and discharge the mortgage, but they refused to render any account and pretended that by their entry and continued possession the mortgage was foreclosed ; that the plaintiff also requested them, or either of them, to take out letters of administration of the estate of their father, so that there might be some duly authorized person to whom the plaintiff might make such payment, but they neglected and refused to do so, and on September 6, 1870, Solo-

mon Lincoln, Jr., was appointed administrator on the plaintiff's petition; and that the plaintiff had since then applied in vain to them and to said administrator to account for the rents and profits of the land, and to pay over to the plaintiff the surplus received by them over the amount due on the mortgage and deliver up possession of the land; wherefore the plaintiff joined said four children of William Hawkes, and the administrator, in this bill, and prayed " that the defendants may each answer the premises; that an account may be taken of what, if anything, is due for principal and interest on the mortgage, and an account may also be taken of the rents and profits of the mortgaged premises, which have been possessed or received by the defendants or either of them, or by any other person by their order or for their use, or which without their wilful default or neglect might have been received; that in taking said account rests may be made from time to time when the money received by the defendants for rent shall appear to have exceeded the interest in arrear, and if it shall appear that the said rents and profits have been more than sufficient to satisfy the principal and interest of the mortgage, then that the residue thereof be paid over to the plaintiff; that the plaintiff may be permitted to redeem the premises, he being ready and willing, and hereby offering, to pay what, if anything, shall appear to remain due in respect to the principal and interest on the mortgage; and that the defendants may be decreed to assign and deliver up possession of the mortgaged premises to him, or to such person as he shall direct, free from all incumbrances made by them or any person claiming under them, and deliver over to him all deeds and writings in their custody or power relating to the mortgaged premises."

Franklin Hawkes and his sisters answered together, admitting the seisin of the plaintiff and his mortgage of the land in 1857, and also admitting the allegations respecting their father's death and who were his heirs at law; alleging that before April 30, 1862, all debts and charges against their father's estate were fully paid, and that before that day their brother William Hawkes, the only heir at law besides themselves, conveyed to them all his interest in the mortgage and the debt secured by it; further al

leging that on said April 30, 1862, they entered on the land for breach of the condition of the mortgage, and made and recorded a certificate of their entry in due form under the Gen. Sts. *c.* 140, § 2, and had ever since held open and peaceable possession of the land under a claim of right known to the plaintiff; and finally alleging that by their said proceedings the mortgage had been duly foreclosed, but if not, then that the plaintiff had a full, adequate and complete remedy at law, and further, that there was no such privity or community of interest and estate between these defendants and the administrator as to justify their being joined with him in this suit, and that the bill was multifarious; and denying all other allegations of the plaintiff, or leaving him to prove them.

The administrator answered, admitting all the plaintiff's allegations which were admitted by the other defendants, and that he was appointed as alleged by the plaintiff; denying that he ever came into possession of the land or of any of the rents and profits thereof; and neither admitting nor denying the plaintiff's other allegations, but leaving him to prove the same.

The case was heard by *Ames*, J., on the bill and answers, and reserved for the determination of the full court.

*J. F. Colby*, for the plaintiff.

*J. C. Perkins*, for the heirs at law of the mortgagee.

CHAPMAN, C. J.    When William Hawkes, the mortgagee, died, in November 1870, there had been no entry or other proceeding for foreclosure; and the plaintiff's right to redeem remained unaffected. The mortgage was personal assets, and would go to an administrator. Gen. Sts. *c.* 96, § 9.    The children and heirs of Hawkes, who are made defendants in the bill, entered the mortgaged premises to foreclose, and took the rents and profits.    But they were mistaken in supposing they had such a title as would enable them to foreclose. *Smith* v. *Dyer*, 16 Mass. 18. *Fay* v. *Cheney*, 14 Pick. 404. *Palmer* v. *Stevens*, 11 Cush. 147.    By thus intermeddling with the property, they became executors in their own wrong in respect to what they have received, and the plaintiff has a right to treat them as such.    Gen. Sts. *c.* 94, §§ 14, 15.    Williams on Executors (6th ed.) 247 &

*seq.*   As they entered under the mortgage, claiming under it, for the purpose of foreclosing it, and allege in their answer that they have foreclosed, they are not to be permitted to shield themselves against accountability by saying that they have occupied as mere strangers and disseisors.   By the authorities cited above, the administrator lately appointed may treat them as disseisors, in order that he may recover of them the rents and profits which they have wrongfully received.   But the plaintiff is entitled to redeem, and to have the rents and profits applied on his note.   The administrator is the person to whom the balance due is to be paid by the plaintiff, and is properly made a defendant; but the executors in their own wrong should account for the rents and profits, in order that they may be applied on the note.   They, as well as the administrator and the plaintiff, are interested in the taking of the account, and when an account is to be taken all the parties interested in taking it should be made parties to the bill.

In this suit, full relief can be given by bringing in the executors in their own wrong, and compelling them to account to the administrator, so that the amount due from them may be applied upon the note which the administrator will collect for the estate. Since this is the case, equity will not allow them to turn the plaintiff over to a double litigation.   1 Story Eq. (10th ed.) § 64 *k.*

*Decree for the plaintiff for redemption against all the defendants; the rents and profits to be accounted for to the administrator, and applied on the debt.*